# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CURTIS G. BARNHILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-2619-CM |
| | ) |
| BOILERMAKERS NATIONAL HEALTH | ) |
| AND WELFARE FUND, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Curtis Barnhill brings this action against the following defendants: the Boilermakers National Health and Welfare Fund, the Boilermaker-Blacksmith National Pension Fund, and the Boilermakers National Annuity Trust—three entities known collectively as the Boilermakers National Funds (the "Funds"); the Funds' executive director and fiduciary, Richard L. Calcara; and eleven individual defendants who are former and/or current trustees of the Funds. Plaintiff claims a violation of the Employee Retirement Income Security Act of 1974 ("ERISA") whistleblower statute, 29 U.S.C. § 1140; conspiracy to violate federal civil rights under 42 U.S.C. § 1985(2); breach of employment contract; tortious interference with contract; and violations of the Kansas Wage Payment Act. Before the court is Defendants' Motion to Dismiss and Memorandum in Support (Doc. 39) filed by all defendants collectively. For the reasons that follow, the court denies defendants' motion.

I.  **Factual and Procedural Background**

In pertinent part, the complaint alleges that plaintiff was employed by the Funds from July 1, 2005 through November 15, 2008, as Executive Administrator. During and before plaintiff's tenure,

the Funds were under investigation by various federal regulatory and law enforcement agencies. Plaintiff cooperated with these authorities, and "made no secret of some of his concerns, particularly with regard to the proposed or actual placement and/or management of certain investments." (Doc. 1, at 3.)

On November 3, 2008, plaintiff was served with a federal grand jury subpoena commanding his appearance before a grand jury in Kansas City, Kansas, on November 17, 2008, to testify regarding his knowledge about the Funds and directing him to bring documents or notes in his possession. "It was apparent to [plaintiff] that the investigation might concern the actions of one or more [of the Funds'] trustees, and he made clear to trustees and to a fellow managerial employee that he intended to cooperate with federal law enforcement." (Doc. 1, at 4.)

On Saturday, November 15, 2008, after returning from a business trip, plaintiff was summoned to the Funds' office, where he was confronted by a number of his subordinates. "Apparently acting under the direction of one or more trustees (none of whom was present), the employees summarily terminated [plaintiff] and he was given no chance to defend himself or speak with any of the trustees." (*Id*.) Although plaintiff was told that he was terminated for violating policy by making an alleged romantic overture to a female independent contractor working in the Funds' office, plaintiff alleges that defendants' real reason for terminating plaintiff was to "damage [his] credibility, to deter him from testifying fully and freely before the grand jury, to separate him from his records which had been subpoenaed, and to punish him for his stated intent to cooperate with a federal grand jury investigation." (*Id*., at 4–5.)

As to the ERISA claim, set out in Count I, plaintiff requests relief in the form of reinstatement, or in the alternative, front pay and benefits. Defendants seek dismissal of plaintiff's

alternate requests for relief in his Count I, and plaintiff's request for a jury trial as to this claim.

## II. Legal Standards and Discussion

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also* Fed. R. Civ. P. 8(a).

## III. Discussion

<u>Alternative Remedy under ERISA – Front Pay and Benefits</u>

Among other things, plaintiff's complaint alleges that termination from the leadership of ERISA-governed funds just before his scheduled grand jury appearance violated ERISA's whistleblower provision, 29 U.S.C. § 1140. He argues that under 29 U.S.C. §§ 1140 and 1132(a)(3), he is "entitled to equitable relief, in the form of reinstatement, or alternatively, front pay and benefits." (Doc. 1, at 34.)

There is no dispute that legal, *i.e.* compensatory, relief is unavailable under ERISA. ERISA authorizes only equitable relief. There is no dispute that *backpay* is compensatory, and therefore unavailable. However, the parties argue whether front pay—and benefits—fall into the same category. Defendants argue that the front pay and employee benefits plaintiff seeks as alternate relief are not available pursuant to ERISA §§ 510 and 502(a)(3). Defendants rely on *Millsap v.*

-3-

*McDonnell Douglas Corp.*, 368 F.3d 1246, 1254 (10th Cir. 2004); and also *Great West Life Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002) and *Mertens v. Hewitt Assoc.*, 508 U.S. 248 (1993). Plaintiff argues these cases do not foreclose—indeed no controlling precedent forecloses—an award of front pay and benefits as an equitable alternative to reinstatement. Plaintiff also notes that this district has recognized that different courts have reached different conclusions about whether a plaintiff can recover front pay under Section 502(a)(3). *See Michaelis v. Deluxe Fin. Serv., Inc.*, No. 05-2351-KHV, 2006 WL 27210, at *3 (D. Kan. Jan. 5, 2006) (collecting cases).

The court has reviewed the cases cited by the parties, and has conducted its own research. The court believes that dismissal of plaintiff's alternative requests for relief at this point would be premature. There is no dispute that plaintiff's request for reinstatement is clearly equitable. *See id.* (citing *Lorillard v. Pons*, 434 U.S. 575, 583 n.11 (1978)). If plaintiff establishes that defendant violated ERISA, and reinstatement is not appropriate, the court will then address whether front pay and benefits are an appropriate equitable alternative under ERISA. To this extent, the motion is denied without prejudice to defendants re-raising this issue at a later time.

### Request for Jury Trial

Plaintiff's complaint requests a jury trial "on all claims triable to a jury." (Doc. 1, at 42.) In their motion, defendants argue that because there is no right to a jury trial under ERISA, plaintiff's demand for such should be dismissed. By way of response, plaintiff recognizes there is no right to a jury trial on the ERISA claim. To this extent, defendant's motion is denied as moot. The ERISA claim will not be tried to a jury.

### Additional Argument for Dismissal

Finally, the court notes that, in their reply brief, defendants assert that their motion raised a third ground for dismissal (to which plaintiff had failed to respond): "that [plaintiff's] state law

claims in Counts III and V are preempted by ERISA." (Doc. 57, at 1.) The court has searched the motion but is unable to find this argument within it, and therefore will disregard defendants' reference to it in the reply.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss and Memorandum in Support (Doc. 39) is denied.

Dated this 31st day of March 2011, at Kansas City, Kansas.

                                         **s/ Carlos Murguia**
                                         **CARLOS MURGUIA**
                                         **United States District Judge**