IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CURTIS G. BARNHILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-2619-CM-GLR |
| | ) |
| BOILERMAKERS NATIONAL | ) |
| HEALTH AND WELFARE FUND, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

The Court has before it a Motion to Determine Issues Relating to Attorney-Client Privilege, Thereby Permitting Plaintiff to Respond to Discovery Requests and Present Facts in Support of His Claims (ECF No. 77) ("Mot"). Plaintiff asks the Court to set an evidentiary hearing and determine the applicability of the attorney-client privilege to discovery in this case. Defendants[1] oppose the motion. For the following reasons, the Court sustains the motion in part and otherwise denies it.

By his complaint Plaintiff asserts five claims for damages.[2] They arise from the termination of his employment as executive administrator for the Boilermakers National Funds ("BNF"), which consists of the three entity defendants. As a former employee of BNF, he has been either party or otherwise privy to numerous communications with some if not all of the Defendants about matters relevant to his claims and to one or more of their defenses. In his responses to interrogatories and possibly other requests for discovery, he has provided some information. He has objected to pro-

---

[1]Defendants consist of three entities (Boilermakers National Health and Welfare Fund, Boilermaker-Blacksmith National Pension Trust, and Boilermakers National Annuity Trust) and eleven individuals. The parties collectively refer to the entity defendants as BNF.

[2]The claims include the following: retaliation for violation of ERISA; civil conspiracy under 42 U.S.C. § 1985(2); breach of contract; tortious interference with contract; and violation of Kansas Wage Payment Act.

viding other information, however, upon grounds that its disclosure could violate his duty to uphold an attorney-client privilege possessed by BNF, but not to the other defendants.

Plaintiff thus asserts an attorney-client privilege not for himself, but only for the Defendants. His motion proposes that the information he withholds, however, is vital to his claims and that he should be allowed to disclose it.  Plaintiff thus asks the Court to overrule his own objections to the discovery.  He asserts several reasons why the privilege no longer applies:  First, he contends Defendants have waived the privilege, either by their discovery requests or by allowing other persons to be privy to the protected information.  Second, Plaintiff asserts a fiduciary exception, in that he himself as a beneficiary of BNF has an independent right to the information.  Third, he asserts a crime-fraud exception to preclude Defendants from asserting the privilege to further their alleged wrongdoing.  He asks the Court to conduct an evidentiary hearing to determine these matters.

Defendants agree that the attorney-client privilege applies to some of the requested information.  They assert that all the defendants, not just some, possess the privilege.  They deny there has been any waiver, except for information relevant to their defense that misconduct of the plaintiff led to termination of his employment.  Defendants further contend that the attorney-client privilege does not apply to much of the discovery to which Plaintiff has objected.  They contend that the motion thus lacks merit.  They ask the Court to deny it and to order Plaintiff instead to produce non-privileged information he has allegedly withheld.

In support of the motion, Plaintiff refers generally to some of his answers to interrogatories, whereby he has provided some requested information, but has otherwise objected upon grounds of the attorney-client privilege.  He also identifies a request for production to which he asserted that responsive documents were privileged.  He cites *Wallace, Saunders, Austin, Brown & Enochs Chtd. v. Louisburg Grain Co.*, 250 Kan. 54, 824 P.2d 933 (1992) [hereinafter *Wallace Saunders*],

moreover, for the proposition that the trial court "may conduct sealed proceedings or an *in camera* review to determine the issues" of privilege raised by his motion.[3]

Plaintiff cites no rule for his motion. If Fed. R. Civ. P. 37 were to apply, he apparently has satisfied neither its requirements for conferring nor the further requirements of D. Kan. Rules 37.1 and 37.2. Nor has he shown adequate compliance with Fed. R. Civ. P. 26(b)(5), if indeed that rule applies. These rules contemplate that parties and counsel will initially confer and assert reasonable efforts to resolve and reduce their discovery disputes. After they have exhausted those efforts, hopefully narrowed the issues, and identified specific items of discovery still in dispute, they should be able to articulate a motion to compel or for protective order or other relief which the Court can adequately address. The motion in this instance fails to satisfy these requirements. Defendants argue that a motion for an evidentiary hearing would be a waste of time, particularly in the absence of some more specific designation of the communications in dispute. The Court agrees with that observation.

Other than *Wallace Saunders*, Plaintiff provides no authority for the Court to determine at this point the privilege issues raised in his motion. In that action the Kansas Supreme Court remanded the case "to the district court, where an in camera inspection should be conducted by the court to determine relevancy of documents in this case."[4] It also briefly set out a procedure for the review and indicated that the reviewing court "should make an order compelling production of all relevant documents exempt from the attorney-client privilege."[5] Despite its direction for in camera review of privileged documents, *Wallace Saunders* provides scant if any authority for an evidentiary hearing

---

[3] Mot. at 8.

[4] *Wallace Saunders*, 250 Kan. at 62-63, 824 P.2d at 940.

[5] *Id.* at 63, 824 P.2d at 940.

at this point to determine to what extent the attorney-client privilege may be considered preserved or waived.

Although "[t]he Federal Rules of Civil Procedure provide the court with ample means to control and place appropriate limits on discovery", the courts also possess an inherent power to control and manage discovery.[6]  Consequently, they may act on their own initiative or on proper motion to adequately and appropriately exercise control over discovery.[7]  Resort to the court's inherent powers should be restrained out of deference to enacted statutes and rules, but may be invoked when required to reasonably respond to a problem presented to it.[8]  The motion here lacks persuasion that the proposed evidentiary hearing would resolve the concerns of Plaintiff or that the Court with some broad sweep at this point can resolve the questions of privilege.  Accordingly, the Court denies the motion to the extent it seeks an evidentiary hearing.

The Court, nevertheless, provides the following guidance to counsel:  First, the attorney-client privilege only protects "confidential communications which involve the requesting or giving of legal advice."[9]  The privilege does not attach without a connection between "the subject of the communication and the rendering of legal advice."[10]  In fact, the privilege provides no protection unless legal advice predominates the communication rather than being incidental to business advice.[11]  Parties

---

[6]*Biocore, Inc. v. Medica-Rents Co., Ltd.*, No. 98-2268-GTV, 1998 WL 608228, at *1-2 (D. Kan. Sept. 9, 1998).

[7]*See id.*

[8]*See id.*

[9]*New Jersey v. Sprint Corp.*, 258 F.R.D. 421, 444 (D. Kan. 2009) (quoting *Burton v. R.J. Reynolds Tobacco Co.*, 175 F.R.D. 321, 327 (D. Kan. 1997)).

[10]*Id.* (quoting *Burton*, 175 F.R.D. at 327).

[11]*Id.*

must distinguish "between a conference with counsel and a conference at which counsel is present; the mere presence of counsel at a meeting does not make all communications during the meeting privileged."[12] In addition, the attorney-client privilege protects communications from disclosure, not the underlying facts.[13]

> "A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney."[14]

When objecting to discovery on grounds of attorney-client privilege, the parties should carefully consider whether the discovery actually requires disclosure of privileged communications. For instance, Interrogatories 16 through 20, which seek the identity of various individuals, apparently prompted Plaintiff to object on grounds of privilege to some extent.[15] By seeking only factual information, however, these interrogatories do not appear to seek information protected by the attorney-client privilege.[16] With the above legal principles in mind, Plaintiff should evaluate whether he must supplement his answers or responses to propounded discovery.[17]

From their memoranda the Court can further address the objections of Plaintiff to Defendant

---

[12]*Id.*

[13]*Mackey v. IBP, Inc.*, 167 F.R.D. 186, 200 (D. Kan. 1996).

[14]*Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981) (citation omitted).

[15]*See* Ex. 1 attached to Defs.' Resp.; Mot. at 11-12.

[16]Plaintiff contends that he only learned of the identities of the individuals through communications with BNF counsel. (Mot. at 12.) That fact standing alone is insufficient to find the identities privileged.

[17]Parties are obligated to supplement discovery responses when they learn that a "response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1). In addition, withholding information from discovery as privileged requires the withholding party to comply with Fed. R. Civ. P. 26(b)(5)(A).

BNF's First Interrogatories to Plaintiff, 16 through 20. Each of them asks Plaintiff to "identify each individual you claim had knowledge of" various claims in his Complaint. He responded by identifying some persons. But the response also asserted an attorney-client privilege possessed by BNF to support his objection against identifying others. Defendants cite several cases in support of the proposition that the privilege protects only communications between attorney and client, not the underlying facts. The Court agrees and overrules the objections. Plaintiff should forthwith complete his answers to Interrogatories 16 through 20 by identifying the additional individuals within his knowledge. To this extent the Court sustains the motion of Plaintiff.

Counsel should again review Fed. R. Civ. P. 26(b)(5). The rule provides a mechanism for parties to assert privilege after production of privileged information. Their Report of Parties' Planning Conference, submitted in accordance with Fed. R. Civ. P. 26(f),[18] reflects their awareness of this mechanism:

> The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows:
>> The parties agree to handle any claims of privilege or protection as trial-preparation material asserted after production according to Fed. R. Civ. P. 26(b)(5). The parties have not agreed to any voluntary agreements such as a "quick peek" or "clawback" agreement. The parties also intend to propose jointly to the Court a protective order addressing such issues.[19]

---

[18] Rule 26(f) requires the parties' discovery plan to state their views and proposals regarding "any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order."

[19] Paragraph 18 of the jointly submitted Confidentiality Agreement and Protective Order (ECF No. 67) provides:
   Inadvertent production of documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall, upon discovery of such inadvertent production, promptly notify the receiving

6

Although Rule 26(b)(5) does not alter the underlying standards concerning privilege, including whether the disclosure waives the privilege, it provides a meaningful process for handling disclosure of privileged information.[20]  The rule works in conjunction with Rule 26(f) to give parties the ability to create a workable plan to address privilege issues.[21]  Rule 26(f) provides flexibility to "facilitate discovery by agreeing on procedures for asserting claims of privilege or protection after production and whether to ask the court to enter an order that includes any agreement the parties reach."[22]  With agreements reached under Rule 26(f) and orders including those agreements under Rule 16, parties can protect themselves from waiver issues associated with disclosure of privileged information.  Courts may consider these agreements and orders when they "determine[] whether a waiver has occurred."[23]

Defendants themselves should have no difficulty in cooperating with Plaintiff to create an

---

party, in writing, of such inadvertent production.  Upon notification, the party in receipt shall promptly return or destroy the information (and any copies) and may not use or disclose such information.  In the event the receiving party disclosed the information prior to notification, the party must take reasonable steps to retrieve it and thereafter return or destroy it.

[20] *See* Fed. R. Civ. P. 26(b)(5) advisory committee's note (2006 amend.).

[21] *See id.*

[22] Fed. R. Civ. P. 26(f) advisory committee's note (2006 amend.).  Parties may agree "to protocols that minimize the risk of waiver" of privilege.  *See id.*  For example, parties "may agree that the responding party will provide certain requested materials for initial examination without waiving any privilege or protection – sometimes known as a 'quick peek'" or they may enter into a "clawback agreement" whereby "production without intent to waive privilege or protection should not be a waiver so long as the responding party identifies the documents mistakenly produced, and that the documents should be returned under those circumstances."  *Id.*  Depending on the circumstances of the particular case, "[o]ther voluntary arrangements may be appropriate" and "a party who receives information under such an arrangement cannot [generally] assert that production of the information waived a claim of privilege or of protection as trial-preparation material."  *Id.*

[23] Fed. R. Civ. P. 26(b)(5) advisory committee's note (2006 amend.).

appropriate procedure to allow both the discovery to proceed and the privilege to be adequately preserved. Defendants themselves can hardly complain that their own requests for discovery may require Plaintiff to divulge to themselves their own privileged information.

Fed. R. Evid. 502(d) (enacted in 2008) gives the federal courts discretion to "order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure is also not a waiver in any other Federal or State proceeding." A "confidentiality order is enforceable whether or not it memorializes an agreement among the parties to the litigation", because "[p]arty agreement should not be a condition of enforceability of a federal court's order."[24] Rule 502(e) recognizes that agreements addressing "the effect of disclosure in a Federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order." In other words, "if parties want protection against non-parties from a finding of waiver by disclosure, the agreement must be made part of a court order."[25]

In this case, the parties have agreed to handle privilege claims according to Fed. R. Civ. P. 26(b)(5). At the request of the parties and pursuant to Fed. R. Civ. P. 26(c), the Court has also entered a confidentiality order that addresses waiver in the context of inadvertent production of privileged documents. Upon a showing of good cause, Rule 26(c) supplies an adequate means to obtain additional protection for privileged communications. Rules 26(b) and (c), in conjunction with D. Kan. Rules 26.3 and 30.2,[26] provide appropriate, adequate safeguards both for disclosing and protecting privileged information. Rules 26(f) and 502, furthermore, contemplate and encourage that

---

[24] Fed. R. Evid. 502(d) explanatory note.

[25] Fed. R. Evid. 502(e) explanatory note.

[26] Rules 26.3 and 30.2 prohibit the filing of depositions, Rule 26(a) disclosures, Rule 33 interrogatories, Rule 34 requests, and response thereto.

8

issues of waiver be worked out through agreements of the parties. The federal rules provide flexibility with respect to the issues of privilege presented in the instant motion.

The Court will set whatever conferences or hearings may expedite the discovery process in this or any other litigation. But the rules themselves, as above noted, without requiring additional rulings in the first instance, provide tools which counsel should first use to decide what privileged information should be either disclosed, produced, withheld, or protected in the course of discovery After completing those efforts, if differences remain that counsel cannot otherwise resolve, the Court can and will conduct at their request a preliminary pretrial conference, pursuant to Fed. R. Civ. P. 16(c).

For the foregoing reasons, the Court sustains in part and denies in part the Motion to Determine Issues Relating to Attorney-Client Privilege, Thereby Permitting Plaintiff to Respond to Discovery Requests and Present Facts in Support of His Claims (ECF No. 77). It sustains the motion only to the extent that it has determined that fully answering Interrogatories 16 through 20 does not require disclosure of privileged communications. Plaintiff shall fully answer those interrogatories within 20 days of the date of this order.

Dated in Kansas City, Kansas on this 8th day of November, 2011.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge